IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD C. RIDLEY,
    Petitioner,

v.                      No. 3:17-cv-00190-DRH-2

UNITED STATES OF AMERICA,
    Respondent.

## ORDER

**HERNDON, District Judge:**

Before the Court is pro se petitioner Donald Ridley's ("Ridley") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government opposes (Doc. 9). Based on the following, the motion is **DENIED**.

## I. BACKGROUND

On April 18th, 2013, Ridley was indicted on felony charges related to participation in a 2008 bank robbery. *See* Indictment, United States v. Johnson, et al., No. 13-30084-GPM (S.D. Ill. Apr. 18, 2013), ECF No. 1. The jury subsequently found him guilty of Armed Bank Robbery, Brandishing a Firearm in Relation to a Crime of Violence, two-counts of Making a False Statement to Federal Law Enforcement Officers, and Obstruction of Justice. *See id.*, Jury Verdict, at ECF No. 93. He was sentenced to 246-months imprisonment. *See id.*, Judgment, at ECF No. 108. On February 18, 2015, Ridley filed a Notice of Appeal challenging sufficiency of evidence, *see id.*, Notice of Appeal, at ECF No. 110; and,

on June 13, 2016, the Seventh Circuit affirmed this Court's judgment. *See United States v. Ridley*, 826 F.3d 437 (7th Cir. 2016).

Subsequently, Ridley filed the instant pro se section 2255 motion arguing far-reaching claims of ineffective assistance of counsel ("IAC") (Doc. 1). Specifically, Ridley contends defense counsel was ineffective for: (1) failing to investigate cell phone tower evidence; (2) failing to object to maps produced from cell tower data; (3) failing to object to the issue of aiding and abetting in light of *Rosemond v. United States*, 134 S. Ct. 1240 (2014); (4) failing to move for dismissal of his § 924(c) count in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015);[1] and, (5) failing to introduce shoeprint evidence (Doc. 1-1). For relief, Ridley requests the Court grant a finding of IAC, as well as any additional relief the Court deems just and proper (*Id.* at 27).

In response, the government argues Ridley's section 2255 motion fails to meet both performance and prejudice prongs under *Strickland v. Washington*, 466 U.S. 668 (1984), and therefore should be denied (Doc. 9 at 10). Additionally, the government requests the denial of an evidentiary hearing because facts of the case along with his section 2255 motion conclusively show no entitlement to relief (*Id.* at 11-12).

## II. LEGAL STANDARD FOR IAC CLAIMS

"*The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.*"

---
[1] Ridley erroneously cites to "*United States v. Johnson*" (Doc. 1-1 at 2).

*Strickland*, 466 U.S. at 686 (emphasis added); *see also Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (defendant must overcome presumption that under circumstances challenged action is considered sound trial strategy). As the government has stated, claims of IAC must be analyzed under *Strickland*; therefore, Ridley must demonstrate: (1) defense counsel's performance was deficient—in that errors made were so serious, counsel was not functioning as "counsel" as guaranteed by the Sixth Amendment; and (2) defense counsel's deficient performance prejudiced the defense—in that errors made were so serious, they constituted deprivation of a fair trial, the result of which is deemed unreliable. *See Strickland*, 466 at 687. "Unless a defendant makes both showings, it cannot be said that the conviction [. . .] resulted from a breakdown of the adversary process that renders the result unreliable." *Id*. With that being said, the Court finds Ridley can demonstrate neither requirement.

### III. ANALYSIS

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel in all criminal prosecutions. *See Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013). However, "*[i]t does not guarantee the right to counsel who knows and exploits every tactical advantage—unrelated to guilt or innocence—on his client's behalf.*" *Prewitt v. United States*, 83 F.3d 812, 818 (7th Cir. 1996) (emphasis added) (citing *Engle v. Isaac*, 456 U.S. 107, 134 (1982) and explaining Constitution guarantees criminal defendant only fair trial and competent counsel, not that every conceivable claim will be raised).

As a result, the Court concludes Ridley presents insufficient grounds for an IAC claim, and moreover, fails to satisfy either of the two required prongs under *Strickland*. *See id*. Ridley's reasoning for what he believes constituted ineffectiveness is irrelevant under the *Strickland* analysis, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *See Strickland*, 466 U.S. at 690. Put differently, "an attorney need not investigate every possible factual scenario," only a reasonable investigation is required under the Constitution. *See Long v. United States*, 847 F.3d 916, 922 (7th Cir. 2017).

### A. Cell Tower Objection Arguments Do Not Satisfy *Strickland*

Ridley's arguments regarding lack of investigation into the government's cell tower evidence at both trial and appellate levels, and lack of objection to maps produced from cell tower data are erroneous and do not meet the *Strickland* standard for establishing IAC—as he failed to demonstrate how his claims deprived him of a fair proceeding regarding these issues. As stated by the government, even if all cell phone evidence was disregarded, the totality of remaining evidence exceedingly weighs against him. And the lack of legitimacy to doubt his counsel's reasonable professional judgment does not sufficiently undermine confidence in the outcome of his trial.

### B. All Other Claims Fail

Similarly, Ridley's IAC claims regarding failure to object—at both trial and appellate levels—to the aiding and abetting jury instruction under *Rosemond*, failure to move to dismiss the § 924(c) count pursuant to *Johnson*, and failure to

introduce "shoe-print evidence" do meet the *Strickland* standard. Under *Rosemond*, a jury would need to find Ridley had advanced knowledge of intended firearm use during the bank robbery in order to find him guilty of aiding and abetting his co-defendant's use of a firearm in the crime of violence under § 924(c). *See United States v. Armour*, 840 F.3d 904, 911 (7th Cir. 2016) (citing *Rosemond*, 134 S.Ct. at 1251-52). The *Rosemond*-standard was sufficiently attained when the government submitted evidence that Ridley not only organized the entire bank robbery and directed his co-defendant to bring firearms, but also brandished a firearm himself during the robbery. *See United States v. Ridley*, 826 F.3d 437, 442 (7th Cir. 2016) (stating jury had sufficient grounds to credit testimony of two eye witnesses to find that Ridley possessed and brandished a firearm during robbery).

Next, the claim regarding failure to object to dismissal of the § 924(c) count in light of *Johnson* is immaterial because Ridley's enhanced sentence stemmed from the 18 U.S.C. § 924(c)(1)(A)(ii) conviction—Carrying, Using, and Brandishing a Firearm in Relation to a Crime of Violence; Ridley was not convicted under 18 U.S.C. § 924(e)(2)(B)—The Armed Career Criminal Act. *See Johnson*, 135 S.Ct. at 2563 (holding increased sentence under residual clause of § 924(e)(2)(B)—Armed Career Criminal Act—violates due process). Finally, the assertion that defense counsel failed to introduce "shoe-print evidence" is also inconsequential because " '[t]rial tactics are a matter of professional judgment, and [a reviewing court] will not play 'Monday or Tuesday morning quarterback' when reviewing

claims that an attorney rendered constitutionally deficient representation in making decisions on how to best handle a case.' " *See United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011) (internal citation omitted). The decision to not introduce this evidence generally cannot support claims of IAC if a strategic reason for a sound decision is apparent. *See Yu Tian Li v. United States*, 648 F.3d 524, 528 (7th Cir. 2011). In this case—as the government notes—the sensible decision not to introduce shoe-print evidence was made due to the expert crime scene investigator's testimony in that he could not determine shoe size from the impressions that were lifted at the crime scene. As such, and in this case, "favorable" shoe-print evidence would have not been dispositive, as the totality of the evidence accurately identified Ridley as a participant in the bank robbery.

## C. No Certificate of Appealability Issued

Ridley's sentence and conviction are legal. He has not demonstrated his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" § 2255. The Court notes that letting Ridley's conviction and sentence stand would not result in a fundamental miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Under Rule 11(a) of the RULES GOVERNING § 2255 PROCEEDINGS, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether Ridley's claim warrants a certificate of appealablity pursuant to 28 U.S.C. § 2253(c)(2).

*See id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.*

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealablity has been granted. *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, Ridley must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations omitted).

Where a district court denies a habeas petition on procedural grounds, a certificate of appealability should be issued only if: (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See id.* at 485.

Here, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of Ridley's claims. Reasonable

jurists could not debate that the petition should have been resolved in a different manner, as Ridley's claims of IAC do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court **DECLINES** to certify any issues for review pursuant to section 2253(c).

### IV. CONCLUSION

Based on the foregoing, the Motion to Vacate (Doc. 1) is **DENIED**. The Court **DISMISSES WITH PREJUDICE** this cause of action. The Court **DIRECTS** the Clerk of the Court to enter judgment directing the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed this 8th day of August, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.08.08 17:02:23 -05'00'

**UNITED STATES DISTRICT JUDGE**